UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JEFFREY S. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-110-HBG |
| | ) | |
| NANCY A. BERRYHILL,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 72(b) of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 12]. Now before the Court is the Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 13 & 14] and the Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 15 & 16]. Jeffrey S. Harris ("Harris") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of the Acting Commissioner of Social Security ("the Commissioner").

Harris filed for Title II Disability Insurance Benefits in October, 2014 (Tr. 144). The application was denied (Tr. 67) and denied again on reconsideration (Tr. 78). Following a hearing, the ALJ entered an unfavorable decision ("the Decision") on September 10, 2015 (Tr. 16-25). The Decision became final when the Appeals Council denied review on January 14, 2016 (Tr. 1-4).

---

[1] During the pendency of this case, Nancy A. Berryhill replaced Acting Commissioner Carolyn W. Colvin. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the Defendant in this case.

I.  BACKGROUND

Harris was 52 years of age when the ALJ issued the Decision in this case (Tr. 25). Harris graduated from high school and was in the United States Army from 1981 to 2001 (Tr. 169). Post-Army his past relevant work experience is injection mold tech, security officer, corrections officer, warehouse manager, and jailer, the last job he held, from January, 2014 to April 14, 2014 (Tr. 169).

Harris does not allege that he stopped his job as a jailer due to disability. Harris testified that he quit that job after a disagreement with his supervisor. According to Harris, the supervisor wanted Harris to "lift some heavy items." Harris said he couldn't do it, there was a "disagreement," and Harris told his supervisor, "I don't need this. I'm out of here" (Tr. 48). This occurred on April 11, 2014.

The Plaintiff alleges disability based on knee problems, which require him to wear knee braces and use a walking crutch or cane (Tr. 38). He also states that he must sit and elevate his legs after standing for 15-20 minutes (Tr. 40). Harris also complains of hip and back pain (Tr. 41). Harris alleges an onset date of April 11, 2014, the day he quit his job as a jailer (Tr. 144).

The Court has considered the medical evidence in the record, the testimony at the hearing, and all other evidence in the record. The medical history of the Plaintiff and the content of the ALJ's Decision are not in dispute, and need not be repeated here.

II.  STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citing *Key v. Callahan*, 109

F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and his findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed. 42 U.S.C. § 405(g); *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kirk v. Secretary of Health & Human Servs.,* 667 F.2d 524, 535 (6th Cir. 1981)) (internal citations omitted).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265 (6th Cir. 1972)).

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citing *Halsey v. Richardson*,

3

441 F.2d 1230 (6th Cir. 1971)).

## III. ANALYSIS

Harris argues that the ALJ did not properly consider his use of a cane and knee braces in the RFC finding. Harris testified at the hearing that he uses knee braces, prescribed by his doctor, and the walking crutch to help support him so his legs do not lock as he has a tendency to fall if he does not have them (Tr. 38). On February 14, 2013, Dr. Dale E. Whitson, MD, diagnosed chronic internal derangement of the left knee, and right knee pain and stiffness, and referred Harris for an orthopedic consult for braces and to "obtain a cane" (Tr. 430-31). Thereafter, Harris received a cane, which he was instructed "to use in right hand," and a left knee brace for stability (Tr. 419). Dr. Judson C. McGowan, MD, completed a knee and lower extremity questionnaire for the Veterans Administration and reported that Harris uses a cane and knee braces "constantly" (Tr. 290). Dr. Judith E. Reid, MD, MPH, opined that Harris must use a "cane or other assistive device" while "engaging in occasional standing/walking" (Tr. 762).

The ALJ only noted in passing Harris's testimony regarding his need for both knee braces and a cane (Tr. 21). Harris argues that the ALJ did not evaluate or discuss his use of a cane or knee braces. And, without explanation, the ALJ made no reference to Harris's need for a handheld assistive in his RFC finding or hypotheticals to the vocation expert. Harris asserts that this was error, because the RFC must set forth all of the practical effects of a claimant's impairments.

The Court finds that the ALJ's RFC finding, upon which the ALJ concluded that Harris could do light work, did not include the use of a cane. Although the ALJ made reference to the cane in the Decision, the Court finds that the ALJ did not adequately explain the omission of the cane use from the RFC. Plaintiff's use of a cane could affect his ability to do light work, depending on the extent of the need to use the cane.

The Court further finds that the ALJ's RFC determination is not supported by substantial evidence with respect to the Plaintiff's alleged need to use a cane to ambulate. This is not harmless error. *See Jones v. Commissioner of Social Security*, 2012 WL 967509 (W.D. Michigan Feb. 8, 2012) (finding that Plaintiff could perform light work without addressing Plaintiff's need for a cane in RFC is error which is not harmless).

This case must be remanded for a determination to be made as to whether the Plaintiff needs to use a cane for ambulation, and if so, whether the Plaintiff can perform light work while using this assistive device. *See Scott v. Commissioner of Social Security*, 2015 WL 4634077 (E.D. Michigan July 6, 2015). Factors to consider include whether Harris has presented adequate medical documentation supporting the need for an assistive walking device, and whether it is established that Harris must use the device "constantly" and in all situations, as alleged.

Although the Court finds that a remand is required, it is far from certain that the Plaintiff can establish disability. The Plaintiff's credibility remains an issue on remand, particularly for the reason noted by the ALJ – that Harris was "issued a cane based on subjective complaints" (Tr. 22).

## IV. CONCLUSION

Based upon the foregoing, it is hereby **ORDERED** that the Plaintiff's Motion for Summary Judgment [**Doc. 13**] is **GRANTED IN PART**, and the Commissioner's Motion for Summary Judgment [**Doc. 15**] be **DENIED.** This case shall be remanded for further proceedings, specifically, a consideration of Harris' alleged disability with the use of a cane included in the RFC.

ORDER ACCORDINGLY.

ENTER:

Bruce Guyton
United States Magistrate Judge